IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| JOSEPH A. DANIELS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:22-cv-760–HEH |
| ) | |
| VINCENT GORE, M.D., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**
**(Denying Rule 59(e) Motion)**

THIS MATTER is before the Court on Plaintiff Joseph A. Daniels' ("Daniels") *pro se* Motion to Object to Judge's Final Order Pursuant to Federal Rules of Civil Procedure Rule 46 and 52 (ECF No. 57),[1] filed on July 1, 2024. By Memorandum Opinion (ECF No. 53) and Order (ECF No. 54) entered on June 17, 2024, the Court granted the Motion for Summary Judgment (ECF No. 42) filed by Defendant Vincent Gore, M.D. ("Dr. Gore") and dismissed this action. Because Daniels' submission was received within twenty-eight (28) days after the entry of the June 17, 2024 Memorandum Opinion and Order, the Court will construe this submission as a motion filed pursuant to Federal Rule of Civil Procedure 59(e) (the "Rule 59(e) Motion"). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (holding that a filing made within

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization and punctuation in the quotations from Daniels' submission.

the requisite Rule 59(e) timeframe shall be construed as a Rule 59(e) motion (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotations and citation omitted). The Fourth Circuit has recognized three (3) grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Daniels does not explicitly address any of the above recognized grounds for relief in his Rule 59(e) Motion. However, the Court construes the Rule 59(e) Motion as a request for reconsideration "to correct a clear error of law or prevent manifest injustice." *Id.*

Daniels "objects to the Court's action to dismiss his action based upon the fact that the Judge relied on an unauthorized filing by Erika W. Kopp, Esq., who failed to make an appearance with the Court before taking action on Dr. Gore's behalf, in violation of Local Rule 83.1 of the Federal Rules of Civil Procedure." (Rule 59(e) Mot. ¶ 7.)[2] Daniels also suggests that he demanded a jury trial and, by dismissing his case, he has been denied his day in court. (*Id.* ¶ 8.) Daniels fails to demonstrate that the Court committed a clear

---

[2] The Motion for Summary Judgment that the Court granted was filed by Grace Morse-McNelis, Esquire, who is counsel of record for Dr. Gore. (*See id.* at 1.)

2

error of law or that relief under Rule 59(e) is necessary to prevent a manifest injustice. Therefore, Daniels fails to show that he is entitled to relief under Rule 59(e). Accordingly, the Rule 59(e) Motion (ECF No. 57) will be denied. A certificate of appealability will be denied.

    An appropriate Final Order shall accompany this Memorandum Opinion.

                                               /s/
                                  Henry E. Hudson
                                  Senior United States District Court

Date: July 22, 2024
Richmond, Virginia